IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VENANCIO V. VALDEZ,**

       Plaintiff,

vs.                                                     Civ. No. 04-14 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed May 24, 2004. Docket No. 7. The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken.

**I.  PROCEDURAL RECORD**

      Plaintiff, Venancio V. Valdez, filed an application for Social Security disability insurance benefits on October 1, 2001. Tr. 106-108. He is alleging a disability since August 15, 2001, due to degenerative disc disease, polyneuropathy, alcohol abuse and depression. His application was denied at the initial and reconsideration level.

      The ALJ conducted a hearing on May 7, 2003. At the hearing, Plaintiff was represented by counsel. On May 29, 2003, the ALJ issued an unfavorable decision finding at step five that Plaintiff

had the capacity for light work.  Tr. 10.

On December 3, 2003, the Appeals Council received as additional evidence the Medical Assessment by Brad Cambron, M.D., dated July 13, 2003, the Vocational Evaluation report from Ken Williams, dated September 5, 2003, and a letter from Alice Sandoval, dated May 21, 2003.  Tr. 9.  Also on December 3, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 6-8.  The Plaintiff subsequently filed his Complaint for judicial review of the ALJ's decision on January 5, 2004.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion."  Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  See 42 U.S.C. §423(d)(1)(A); see also Thompson v. Sullivan, 987 F.2d 1482, 1486 (1993).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation

process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III.  MEDICAL HISTORY

Plaintiff is a 46 year old who last worked in 2001 as a custodian. Plaintiff began having back pain in 1995 when he was trampled by a large cow at a rodeo. Tr. 226, 299. On May 30, 2001, an MRI of Plaintiff's's lumbar spine revealed a disc bulge at L3-4 and facet hypertrophy resulting in severe canal stenosis and truncation of the neural foramen. The MRI also showed an additional bulging disc at the L4-5 with moderate facet hypertrophy and mild neural foraminal narrowing. Tr. 287. His pain is controlled by over-the-counter analgesics, ibuprofen and Etodolac, a nonsteroidal anti-inflammatory drug. Tr. 156, 220. Due to his spinal stenosis at L3-4, Plaintiff underwent a nucleoplasty decompression on September 17, 2002. He was released with no medication and no physical activity restrictions. Tr. 266.

Plaintiff was admitted to the Gallup Veterans Transition Center on October 16, 2001 and discharged on November 13, 2001. Plaintiff maintained sobriety through the 28-day program and

completed the aftercare plan. Tr. 200. Plaintiff also complained of depression and has taken anti-depressants. Tr. 289 and 315.

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in: 1) failing to consider lay witness testimony; 2) assessing the Plaintiff's residual functional capacity ("RFC"); and 3) not considering all the Plaintiff's limitations at step five.

<u>Lay witness testimony</u>.

At the administrative hearing, Theresa Armijo ("Armijo") testified about Plaintiff's limitations and restriction of daily activities. Tr. 64-74. Armijo testified she had known the Plaintiff for thirty (30) years and had lived with him approximately 6 months prior to the hearing. In his decision, the ALJ made no mention of Armijo's testimony.

The regulations state that non-medical sources may be used as evidence to "show the severity of ...impairment(s) and how it affects [ones's] ability to work." 20 C.F.R. §404.1513(d)(4). "The Tenth Circuit has held that the ALJ is not required to make specific written findings regarding each witness's credibility, as long as it is clear from the ALJ's written opinion that she has considered the witness's testimony." <u>Adams v. Chater</u>, 93 F.3d 712, 715 (10th Cir. 1996). In <u>Adams</u>, the written decision of the ALJ "reflected" that the ALJ considered the testimony. <u>Id</u>. In this case, the ALJ did not mention the testimony and it is not clear that the ALJ considered it. This is error and requires a remand. <u>McLean v. Barnhart</u>, 2004 U.S. Dist. LEXIS 10039 (D. Kan. May 20, 2004.)("The supervisor's statement is direct evidence from a witness who has been able to observe plaintiff on a daily basis. On remand, the ALJ should consider this third party statement when making her credibility determination."); <u>Kepler v. Chater</u>, 68 F.3d 387, 391 (10th Cir. 1995)(If objective medical

4

evidence shows a pain-producing impairment, the ALJ must then consider the claimant's allegations of severe pain and decided whether to believe them. Factors to be considered include the motivation of and relationship between the claimant and other witnesses.)

Plaintiff's RFC.

Plaintiff's basis for this argument is an assessment by Dr. Brad Cambron, who is identified in the record on May 30, 2001 as Plaintiff's treating physician. Tr. 225. On July 23, 2003, two months after the ALJ decision, Dr. Cambron completed an assessment of the Plaintiff's ability to do work-related physical activities. Tr. 352. Dr. Cambron found that Plaintiff could lift less than ten (10) pounds frequently and occasionally; that Plaintiff could stand and/or walk with normal breaks for less than 2 hours out of an 8 hour workday; that Plaintiff could sit for less than 4 hours in an 8-hour workday; and Plaintiff could not squat or climb and needs a cane to walk. Tr. 352. Plaintiff contends that the Appeals Council should have remanded this case back to the ALJ due to this new and material evidence that is contrary to the ALJ's findings and conclusion. Specifically, Plaintiff asserts that the Appeals Council erred by disregarding the medical evidence of treating physician Dr. Cambron.

If new and material evidence is submitted, the Appeals Council "shall" consider the additional evidence only where it related to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. §§404.970(b), 416.1470(b). If the Appeals Council denies review after considering the additional evidence, the ALJ's decision stands as the final decision, but the administrative record reviewed on judicial appeal includes the new evidence submitted to the Appeals Council. O'Dell v. Shalala, 44 F.3d 855, 858-59 (10th Cir. 1994). In this case, the Appeals Council considered the additional evidence but found that "this information does not provide a basis for changing the

5

Administrative Law Judge's decision." Tr. 6-7.

The Commissioner must give controlling weight to a treating physician's well-supported opinion about the nature and severity of a Plaintiff's impairments. Adams v. Chater, 93 F.3d 712, 714 (10th Cir. 1996). The Commissioner may reject a treating physician's opinion if it is not: 1) supported by specific findings; 2) supported by clinical and/or laboratory diagnostic techniques; 3) inconsistent with other substantial evidence in the record; or 4) brief, conclusory, and unsupported by medical evidence. Castellano v. Secretary of Health and Human Services, 26 F.3d 1027, 1029 (1994). But to do so, the Commissioner must "articulate specific, legitimate reasons." Washington v. Shalala, 37 F.3d 1437, 1440 (10th Cir. 1994).

In this matter, the Appeals Council did not give specific, legitimate reasons. In the briefing, the Commissioner does not address the Appeals Council's failure to specify its reasons for rejecting the opinion of Dr. Cambron. Rather, the Commissioner gives reasons that the Appeals Council may have used to discount Dr. Cambron's opinion. The Commissioner is essentially trying to provide the analysis missing in the Appeals Council's letter upholding the decision of the ALJ. This approach has been rejected by the Tenth Circuit. Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004). A decision must be evaluated solely on the reasons and analysis in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1984 (10th Cir. 2004); Robbins v. Halter, 2001 U.S. Dist. LEXIS 3592 (D. Kan. 2001). Thus, this is an additional error that requires a remand.

Step five.

The Court will not address Plaintiff's remaining arguments of the ALJ's analysis at step five. Consideration of the above evidence may modify any hypothetical the ALJ may pose to a vocational expert. Moreover, on remand, the ALJ may want to consider the reports of Ken L. Williams and

Alice L. Sandoval.

In conclusion, the court is not mandating or indicating a particular result. The remand, instead "simply assures that the correct legal standards are involved in reaching a decision based on all the evidence in the case." Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this opinion.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**